IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-75,073-01




EX PARTE CHRISTOPHER LOCKHART, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 31198-CR IN THE 13TH JUDICIAL DISTRICT COURT
FROM NAVARRO COUNTY




           Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession of a
controlled substance, and was sentenced to twenty years’ imprisonment. The Tenth Court of
Appeals affirmed his conviction. Lockhart v. State, No. 10-08-00076-CR (Tex. App. – Waco,
January 13, 2010). 
            Applicant contends, inter alia, that his appellate counsel rendered ineffective assistance
because counsel failed to timely notify Applicant that his conviction had been affirmed and failed
to advise him of his right to petition for discretionary review pro se. Applicant’s appellate attorney
has provided an affidavit in which he states that a letter informing Applicant of the decision of the
Court of Appeals and of his right to pursue discretionary review was mailed by regular mail, rather
than by certified mail, on January 19, 2010. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. Pursuant to Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain copies of the prison unit mail logs from the period of time from January 13, 2010, until
February 26, 2010. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07,
§ 3(d). 
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to whether Applicant timely received the
notification from appellate counsel that his conviction had been affirmed and that he has a right to
file a pro se petition for discretionary review. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s
claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: January 12, 2011
Do not publish